Isaac Everdyke and John R. Johnson, Plaintiffs, *v.* Dora Adler, Doing Business under the Assumed Name and Style of Clinton Coal and Coke Company, Defendant.

Supreme Court, Wayne County, April 26, 1941.

*John J. Moore*, for the plaintiffs.

*Ely Eber*, for the witness Harold Adler.

Gilbert, J. By an order of this court made at a Special Term held in the city of Rochester on November 7, 1940, and thereafter duly entered, a motion to vacate a notice of examination before trial of the defendant and a third party witness was denied, and the hearing was directed to be held thereafter on at least five days' notice before the referee named in the notice. Pursuant to the order of the Special Term the plaintiff served a subpœna on the third party witness to appear before the referee for examination. On the day specified in the subpœna the witness did not appear personally but the defendant's attorney appeared " specially " for the witness and challenged the right of the referee to examine the witness on two grounds: *first*, that the subpœna was not proper in form, and, *second*, that it had not been properly served. The present motion was then brought on before this court to punish the witness for contempt for his failure to obey the subpœna.

The attorney for the defendant maintains that the defect in form of the subpœna was that it was not signed by the referee before whom the examination was to be held and bases his contention on the provisions of section 406 of the Civil Practice Act. Section 406 of the Civil Practice Act is not the section which pro-

vides the form of the subpœna to be used to compel attendance of a witness on an examination before trial. That section deals with independent proceedings and by its terms provides " this section does not apply to a matter arising, or an act to be done, in an action in a court of record."

Article 29 of the Civil Practice Act, comprising sections 288 to 309, contains the provisions relating to taking testimony by deposition. Section 299 of that article provides for compelling attendance of witnesses and states in part: " A witness may be subpœnaed to attend and testify in any examination held within the State, as upon trial."

Section 403 of the Civil Practice Act defines a subpœna as a process in the name of the court. Rule 13 of the Rules of Civil Practice provides that a process issued out of a court of record must be subscribed or indorsed with the name of the officer or the attorney for the party or the person at whose instance it was issued. The form of subpœna used to compel the witness to appear before the referee in this proceeding is the usual form " as upon a trial," and the objection raised thereto is not well taken.

The second objection urged by the defendant's attorney is as to the manner of service. It appears that the subpœna was served by the plaintiff. As hereinbefore stated, a subpœna is defined as a process. Section 404 of the Civil Practice Act provides for the manner of service but contains no provision as to who may serve the same.

Rule 21 of the Rules of Civil Practice provides that " the provisions of the statutes and rules relating to the mode of personal service of a summons shall apply to the service of any process or other paper whereby *a proceeding is begun in a court* * * * unless other special provision for the service thereof is made by law or rule. Other papers in a proceeding shall be served in like manner as in an action." A subpœna to attend before a referee in an examination before trial is not the beginning of a proceeding in a court; therefore, the provisions of section 220 of the Civil Practice Act that a summons may be served by any person of the age of eighteen years or over, other than a party to the action, do not apply.

The Civil Practice Act contains special provisions for the service of process in particular proceedings or circumstances; however, there seems to be no special section or special rule specifying as to who may serve a subpœna. Certainly the general practice over the years throughout this section of the State has been for attorneys to make out subpœnas for witnesses named by their clients and to have the client serve the subpœna. This court has never before known the validity of such service to be challenged.

There is reason for the provisions of rule 21 of the Rules of Civil Practice that a process *beginning* a proceeding should be served according to the provisions applying to the service of a summons; in other words, that a party to an action be not allowed to serve the paper which commences his action, although the Surrogate's Court Act does not follow this rule, and does allow a party to a proceeding to serve a citation which commences a proceeding.

Other than the prohibition of the Civil Practice Act and Rules of Civil Practice that a process to commence a proceeding may not be served by a party to the proceeding, there would seem to be no valid reason to prohibit a party from serving process where other special provision for service thereof is not made, and certainly custom and usage support such a service.

The objection of defendant's attorney is, therefore, not well taken.

This is a proceeding to punish for contempt. The affidavit of defendant's attorney shows that upon his appearance before the referee and after raising the objections hereinbefore dealt with he suggested that the parties go before a judge of this court to have the judge pass upon his objections and, if the objections were not good, that the third-party witness would present himself for examination. Apparently the plaintiffs' attorney did not accept the suggestion, nor does it appear that such a suggestion could be followed out without undue delay and added expense. The third-party witness or his attorney was apparently willing to gamble on the strength of his position. However, under all the circumstances and particularly in view of the absence of specific provisions of law controlling the objections raised, this court is loath to impose any undue hardship upon the witness.

An order may be entered adjudging the witness Harold Adler in contempt and fining him twenty-five dollars and directing said witness to appear before the referee heretofore appointed in this action, to take his deposition before trial on May 1, 1941, at two-thirty p. m., at the place specified in the subpœna heretofore served upon him, there to submit to the examination heretofore ordered by this court, and that in default of a compliance with the provisions of said order to be entered the said Harold Adler be committed.